**Dianne Crandell Kerns, Trustee**
**Office of the Chapter 13 Trustee**
Mailing Address:
7320 N. La Cholla #154-413
Tucson, AZ 85741
TELEPHONE 520.544.9094
FACSIMILE 520.544.7894
MAIL@DCKTRUSTEE.COM

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>AMY H STEPHENS<br><br>WARREN E STEPHENS JR,<br><br>Debtors, | In Proceedings Under Chapter 13<br><br>Case No. 4:10-bk-00627-EWH<br><br>TRUSTEE'S OBJECTION / EVALUATION RE: PLAN OF REORGANIZATION (DKT 2) |

DIANNE C. KERNS, the standing Chapter 13 Trustee, hereby objects to the proposed plan of reorganization and requests that the following matters be resolved by submitting a proposed stipulated order on confirmation (hereinafter "SOC") addressing the matters described below or by setting a hearing on the objection within 30 days of this objection/evaluation.

**\*\*\*\*\*IF YOU FAIL TO SUBMIT A <u>TIMELY</u> STIPULATED ORDER OF CONFIRMATION THAT ADDRESSES <u>ALL ISSUES RAISED IN THE TRUSTEE'S EVALUATION/OBJECTION</u> OR FAIL TO SET A HEARING ON THE OBJECTION, THE TRUSTEE WILL FILE A NOTICE OF INTENT TO DISMISS THE CASE FOR FAILURE TO CONFIRM THE PLAN\*\*\*\*\***

**Please note that it is the Attorney's responsibility to review all proofs of claim and plan objections filed with the court and resolve any discrepancies between the claims and the Plan prior to submitting a SOC to the Trustee.**

**The Trustee requires that any proposed Order Confirming Plan state:**

**"Debtor is instructed to remit all payments on or before the stated due date each month. Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the Case can be discharged. This requirement is effective regardless of Plan payments, suspensions, waivers or moratoriums, and must be included in any Plan Confirmation Orders".**

**"<u>General Unsecured Claims</u>. Such claims shall be paid pro rata the balance of payments under the Plan and any unsecured debt balance remaining unpaid at the end of the Plan may be discharged as provided in 11 U.S.C. § 1328(a)."**

    A.    <u>Plan Payments</u>. The plan proposes payments of $2,402.00 per month, commencing in February 11, 2010, for a period of 60 months. The Debtors have made payments in the total amount of $9,608.00. The Debtors are current on these payments through June 11, 2010. The Trustee will not stipulate to confirmation unless the plan payments are current.

    B.    <u>Plan Duration</u>. In the event that other property is submitted to the Trustee by the Debtors it shall be treated as advance plan payments. Any Order Confirming the Plan must include the provisions that in no event will the duration of the Plan be reduced to less than 36 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

C. <u>Proofs of Claim</u>.  Prior to submitting a proposed SOC to the Trustee, counsel must review all proofs of claim filed with the court and resolve discrepancies, if any, regardless of whether an objection to confirmation has been filed.  This can be done either by obtaining the creditor's stipulation to confirmation or filing an objection to the proof of claim and obtaining a court ruling thereon.   To date the Trustee has noted that the following creditors have filed proofs of claim that differ from the treatment proposed in the Chapter 13 Plan: **AZDOR and BAC HOME LOANS**. The following creditors listed in the Plan have not filed proofs of claims: **NONE**.

    a. <u>Objections to Confirmation</u>. The debtors shall resolve plan objections by submitting a proposed SOC to the Trustee or by setting a hearing on the objection <u>within 30 days of this objection/evaluation</u>.  If the debtor wishes to confirm by stipulation, the stipulation of the objecting creditor must be obtained in writing prior to submitting a proposed SOC to the Trustee. If the resolution of the objection requires changes which have an adverse impact on any other creditor under the plan (including a reduction in the amount to any creditor and/or a delay in payment), the changes must be noticed to creditors and an opportunity for objection provided. To date the Trustee has noted that the following creditors have filed objections to the Chapter 13 Plan: **PIMA COUNTY ATTORNEY'S OFFICE and BAC HOME LOANS**.

D. <u>2009 Tax Returns.</u> Trustee requests copies of tax returns for two years prior to filing this case to verify the annual income listed on the Statement of Financial Affairs question 1. Trustee notes that this is the second request for a copy of the Debtors 2009 tax returns.  Trustee requests a copy of the Debtors 2009 tax returns for review within 30 days of this evaluation.

1      E.    <u>AZDOR Proof of Claim 2.</u> Trustee notes that AZDOR has filed a priority proof of claim in the amount of $2,922.00 and states that this is an estimate amount due to the non-filing of the Debtors 2008 and 2009 tax returns. The 2008 and 2009 tax returns will need to be filed and the proof of claim amended to the correct amount. Trustee then requests that the Debtors Attorney either amend the Chapter 13 Plan or address the matter in the Stipulated Order Confirming Plan.

    F.    <u>Tax Returns that have not been filed.</u> The Court is unable to confirm this plan under the provisions of 11 U.S.C. §§ 1308 and 1325(a)(9). Trustee requires that the respective returns be filed for assessment of the tax liabilities so that the feasibility of the plan can be certain.

    G.    <u>BAC Home Loans Proof of Claim 10.</u> Trustee notes that the creditor has filed a secured proof of claim in the amount of $13,897.16 for home arrearages on the Debtors 1st mortgage and the Debtors plan proposes to pay $7,475.00 in home arrearages. Trustee requests that the Debtors Attorney address this matter.

    H.    <u>Mortgage Arrearages</u>. Trustee notes that the proof of claim number 10 filed by BAC Home Loans for mortgage arrears includes amounts that are not adequately documented and/or are not reasonable. The Trustee requests that the Debtor object to the proof of claim and modify the plan accordingly. Specifically the Trustee notes that the arrearage includes (escrow advances, attorneys fees, etc) which are not itemized and which appear to be unreasonable.

I. <u>Plan Feasibility</u>.  Pursuant to the Trustee's calculations, the Chapter 13 Plan is not feasible at this time because it does not comply with 11 U.S.C.§1325(b)(1)(B).  According to the debtors' Form B22C, the disposable income of $19.77, multiplied by 60 months, results in a dividend to unsecured creditors of $1,186.20.  Pursuant to the Trustee's calculations, the dividend to unsecured creditors is $ -991.25 this may be due to proofs of claim that have been filed for more than the plan allows.  However, the Trustee reserves the right to file an amended evaluation requiring adjustments to the terms of the plan, including an increase in plan funding if necessary, in order to address all timely filed proofs of claims once the claims bar date has passed in this case.

J. <u>Submission of Proposed SOC</u>.  If the debtors propose to confirm the plan through a stipulated order on confirmation, a Notice of Submitting Proposed SOC should be filed with the Court, including a complete copy of the Proposed SOC as an exhibit.  The Notice, SOC, and filing receipt may then be transmitted to the Trustee via electronic mail (mail@dcktrustee.com) or first class mail.  The Trustee will not review a proposed SOC if it does not appear on the court's docket.

RESPECTFULLY SUBMITTED this 19th day of May, 2010.

OFFICE OF THE CHAPTER 13 TRUSTEE
7320 N. La Cholla #154-413
Tucson, AZ  85741

By /s/  DCK 011557
Dianne C. Kerns, Chapter 13 Trustee

A copy of the foregoing filed was with the
United States Bankruptcy Court and
a copy together with a receipt of filing
transmitted via electronic or first class
mail this 5/19/2010 to:

| | |
|---|---|
| 1 | AMY H STEPHENS |
| 2 | WARREN E STEPHENS JR<br>5600 E TERRITORY DR |
| 3 | TUCSON, AZ 85750<br>Debtors |
| 4 | |
| 5 | KATHRYN L JOHNSON |
| 6 | LAW OFFICE OF KATHRYN L JOHNSON PLC<br>2 E CONGRESS ST |
| 7 | STE 900<br>TUCSON, AZ 85701 |
| 8 | Attorney for Debtors |
| 9 | |
| 10 | By: <u>NC</u> |